IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL F. ECK,**

        **Petitioner,**

v.                                                        **Civil Action No.  3:13cv52**
                                                                           **(Judge Groh)**

**TERRY O'BRIEN, Warden,**

        **Respondent.**

## NOTIFICATION TO PETITIONER OF RIGHT TO CONSENT TO PROCEED  UNDER 28 U.S.C. § 2255 OR TO PROCEED AS FILED

On May 8, 2013, the *pro se* petitioner, Michael F. Eck, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  In the petition, the petitioner challenges a his conviction and 12-month sentence imposed by this Court on December 5, 2012.  See 1:12cr86.  Specifically, the petitioner asserts his plea agreement was coerced, there was no evidence to support his conviction, his sentence is ludicrous, and he was tried and convicted as a felon when in reality his alleged crime is a misdemeanor.  As relief, the petitioner seeks to have his conviction reversed or to be re-sentenced.

Based on the issues raised in Eck's petition, it appears that he has improperly filed a § 2241 petition.  The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255.  A § 2241 petition is used to attack the manner in which a sentence is executed.  Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion.  However, before the Court can  recharacterize Eck's § 2241 petition as a motion filed pursuant to § 2255, the Court is first required to give him notice of its intent to recharacterize the motion, warn him of the effects of such recharacterization, and advise

him as to the requirements of § 2255.  See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).  Bradshaw must then be given the opportunity to consent to the recharacterization of his motion, or to proceed as filed.  Id.

Upon a review of Eck's § 2241 petition, the undersigned is of the opinion that the petition should be converted to a § 2255 petition.  Thus, the petitioner is hereby notified that the Court intends to characterize his § 2241 petition, filed on October 13, 2009, as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,[1] unless it hears to the contrary within TWENTY-ONE (21) DAYS from the date of this notice.

In deciding whether to proceed under § 2255, or as filed, the petitioner is advised of the following:

1. Only one (1) § 2255 motion is permitted to be filed.

2. A second or successive motion can only be filed if certified by the Fourth Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law , made retroactive to cases on collateral review by the Supreme Court.

3. There is a one-year limitation period within which to file any federal habeas corpus petition.  A motion filed under 28 U.S.C. § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

---

[1] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Moreover, the Court has attached an election form to facilitate the processing of petitioners' wishes in this matter. The petitioner should return the completed form to the Court within **twenty-one (21) days** of the date of this notice. **The failure to do so will result in the petitioner's § 2241 habeas corpus application being converted to a motion filed pursuant to 28 U.S.C. § 2255**.

IT IS SO ORDERED.

The Clerk is directed to send copies of this order to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 5-21-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL F. ECK,**

        Petitioner,

v.                                            Civil Action No.  3:13cv52
                                                (Judge Groh)

**TERRY O'BRIEN,**

        Respondent.

**ELECTION BY PETITIONER  TO PROCEED
 UNDER 28 U.S.C. § 2255 OR TO PROCEED AS FILED**

I  have received and reviewed a copy of the Court's Notification to Petitioner of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed. Pursuant to that Notice, I elect to proceed as follows:

**Please check one of the following:**

❑     I elect to have my § 2241 Habeas Corpus Application, filed on May 8, 2013, converted to a motion filed pursuant to 28 U.S.C. § 2255.

❑     I elect to proceed on my motion as filed.  If this box is checked, I understand that the Court will not convert my motion to one filed under 28 U.S.C.§ 2255.

_____                            _____

              Signature                                                                     Date